UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

SYMMETRY ENERGY SOLUTIONS, INC.,

    Defendant.

_____/

Case No. 2:22-cv-10599
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (ECF No. 27)

### I. Introduction

This is a consumer rights case raising claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Michigan Telephone Companies as Common Carriers Act, M.C.L. § 484.101, *et seq.*, the Michigan Home Solicitation Sales Act, M.C.L. § 445.101, *et seq.*, and the Michigan Consumer Protection Act, M.C.L. § 445.901, *et seq.* (ECF No. 7). Plaintiff Mark A. Dobronski (Dobronski), proceeding *pro se*, is suing Defendant Symmetry Energy Solutions, Inc. (Symmetry), for placing or causing to be placed sixteen telephone calls that were allegedly in violation of the aforementioned acts. (*Id.*). Under 28 U.S.C.

1

§ 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 6).

Before the Court is Dobronski's motion for leave to amend the complaint. (ECF No. 27). The Court, in granting Dobronski's prior motion for leave to serve discovery before the Rule 26(f) conference, directed Dobronski to amend the complaint if he so chose within 20 days of receiving early discovery responses. (ECF No. 26). The Court noted that Symmetry could oppose such a motion, and that its Order granting leave to serve early discovery was no indication that it would grant the motion to amend. (*Id.*). However, Symmetry has responded with a notice of non-opposition to the instant motion for leave to amend. (ECF No. 28). For the reasons that follow, Dobronski's motion for leave to amend the complaint will be GRANTED.

## II.   Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Rule 15(a)(1) allows a party to amend its pleading once, as a matter of course, and Dobronski has already exercised this right. (ECF No. 7). Rule 15(a)(2) allows that other amendments may be made with the court's leave, which the court should give freely when justice so requires. Regarding this, the Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

2

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). Rule 15(a) creates a liberal policy in favor of granting leave to amend and is meant to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *see also Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (reversing the grant of a motion to dismiss because the district court failed to properly consider claims alleged in a pending motion for leave to amend).

Further, E.D. Mich. LR 15.1 provides, in pertinent part, as follows:

A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Dobronski attached the proposed amended complaint to his motion in compliance with this rule. *See* ECF No. 27, PageID.225-258.

### III. Discussion

In his motion for leave to serve discovery before the Rule 26(f) conference, Dobronski sought disclosure of the identity of Symmetry's "agent(s) responsible for initiating the telemarketing calls alleged" in the complaint, for the purpose of

adding those agents as defendants. (ECF No. 12). As noted above, the Court granted this motion, and directed Dobronski to file a motion for leave to amend the complaint within 20 days of receiving the agents' identities. (ECF No. 26). Dobronski has so moved, (ECF No. 27), and Symmetry does not oppose this motion, (ECF No. 28). Symmetry has also said that it "reserves the right to answer or move in response to the second amended complaint, including to move to dismiss the second amended complaint." Indeed, Symmetry's pending motion to dismiss is now presumptively moot and could thereby properly be withdrawn once the amended complaint is filed. *See Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motion to dismiss.") (*Id.*).

As noted above, Dobronski complied with the E.D. Mich. LR 15.1 requirement of attaching the proposed amended complaint to his motion. However, as the proposed amended complaint is not docketed separately, nor signed or dated. As such, Dobronski will be directed to file the second amended complaint within 10 days of entry of this Order.

IV. Conclusion

For the reasons stated above, Dobronski's motion, (ECF No. 27), is GRANTED. **Dobronski is directed to file the second amended complaint within 10 days of entry of this Order**.

SO ORDERED.

Dated: October 18, 2022  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 18, 2022.

s/Julie Owens
JULIE OWENS
Case Manager